## KEELER ET AL. VS. HARDING.

A misunderstanding having arisen between a lessor and lessee, where the lease was by indenture, the matters of difference were submitted to arbitrators, who made their award, stating, among other things, that the lessee should pay the same amount of rent and in the same manner as provided for in the original lease: *Held,* that an action on the covenant in the lease for the rent reserved was well brought.

*Appeal from Jefferson Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

BELL & CARLTON, for appellants.

WATKINS, for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Harding conveyed to Keeler and Woodall certain lands for a term of years. The object of the lease, on the part of the lessees, was to have the use of a saw and grist mill on the premises; the lands not seeming to be important only as yielding timber for the consumption of the saw-mill. The original lease was by indenture, and simply described by their numbers the lands that were the subject of the lease, the duration of the term, the amount and mode of payment of the rent reserved. This suit was an action of covenant upon the lease, and complained that Keeler and Woodall had not paid the stipulated rent.

The term of the lease began upon the 1st of January, 1857, and about the 1st of June, 1857, the mill was burned, when a misunderstanding occurred between the parties, and to settle the matters of difference they submitted to arbitrators. They awarded that Keeler and Woodall should pay the same amount of rent, and in the manner provided for in the original lease, and that if they should rebuild the mill, under other provisions in the award, they should, for the same rent, have the lease extended two years beyond the duration of the original term. Keeler and Woodall rebuilt the mill.

Judgment was rendered against the defendants in the Circuit Court, and, having appealed, the defendants below ask a reversal of the judgment, on the ground that the action should have been brought on the award, and not on the original conveyance.

If the action had beeen founded on any thing that was newly stated in the award, as for the use of fire-wood during the two years that were added to the original term, it must have been brought upon the bond submitting to the award, on the principle that an award, being an adjustment and merger of the matters submitted to arbitration, is itself the foundation of any actions intended to enforce its provisions. But in this case, the

award does not differ from the lease, but expressly confirms its stipulations of the payment of rent, both in amount and time of payment. It cannot then be held that the contract for payment of rent contained in the lease is in any way affected by the award, and when the former is in full life, we cannot see the force of the argument that would forbid it to be the ground of an action.

This being the only matter presented by the appellants for our consideration, the judgment is affirmed.